## Dussell v. Kaufman Construction Co., Inc.

*Klovsky & Kuby*, for plaintiffs.

*Swartz, Campbell & Henry*, for defendants.

HAGAN, J., June 11, 1957.—Plaintiffs are property owners who aver in their complaint in trespass that defendant negligently damaged their property while it was in the course of constructing a road. Defendant filed preliminary objections to the complaint in the nature of a motion for more specific pleadings. While defendant's preliminary objections were outstanding, plaintiffs filed interrogatories requesting certain information from defendant. Defendant having failed to answer these interrogatories, plaintiffs filed a motion to compel defendant to answer them.

When this case was argued, there were two matters before us: (1) Defendant's preliminary objections to plaintiffs' complaint; and (2) plaintiffs' motion to compel defendant to answer interrogatories. Only the second matter was argued, however, and we shall dispose only of it at this time.

Defendant contends that plaintiffs' interrogatories were prematurely filed, since defendant's preliminary objections to plaintiffs' complaint were and still are unresolved. Plaintiffs, on the other hand, contend that

the Rules of Civil Procedure contain no provisions which prevent them from filing interrogatories at a time when preliminary objections to their complaint are outstanding.

The basic test to be applied in ruling upon interrogatories is whether they "will substantially aid in the preparation of the pleadings or the preparation or trial of the case": Pa. R. C. P. 4007(a). Thus, it will be seen that a plaintiff may secure discovery (1) to aid in the preparation of his pleadings, or (2) to aid in the preparation for trial of the case. Plaintiffs cannot contend that the interrogatories which they filed were for the purpose of aiding them in the preparation of their complaint, since their complaint has already been filed and served, and it would seem inherent in the portion of the rule permitting discovery to "aid in the . . . preparation or trial of the case", that the case must be at issue. As we view the matter, therefore, plaintiffs' interrogatories were filed too late to "aid in the preparation of the pleadings" and too early to "aid in the . . . preparation or trial of the case". Our conclusion is in accord with the views of the editors of. Goodrich-Amram Pennsylvania Procedural Rule Service, who state in volume 4, p. 71, §4005(a)-5: "If no interrogatories are needed in connection with the pleadings, but interrogatories are to be served to get information to aid in the preparation of the case for trial, they will be postponed until the pleading stage of the action is over."

For the foregoing reasons plaintiffs' motion to compel defendant to answer interrogatories is hereby dismissed. Defendant's preliminary objections to plaintiffs' complaint, not having been argued, are dismissed with leave to either party to reorder them on a motion list for argument.